UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| | : | Criminal No. 25-MJ-35 |
| JULIO CESAR | : | |
| SANCHEZ PUENTES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM IN SUPPORT OF RULE 58 WAIVER

The United States of America respectfully requests that the Court set this matter for a change of plea hearing pursuant to Federal Rule of Criminal Procedure ("FRCP") 58(c)(2). The requested relief is appropriate given that: (i) Defendant is charged with a petty offense in the Western District of Texas; and (ii) the United States recommends a sentence of probation for his offense.

### I.  PROCEDURAL HISTORY

On February 27, 2025, Defendant was charged in the Western District of Texas ("WDTX") with a violation of Title 8, United States Code, Section 1325(a) (Improper Entry by Alien). *See United States v. Julio Cesar Sanchez-Puentes*, 25-MJ-789 (ECF No. 1). On March 11, 2025, Defendant was arrested in the District of Columbia pursuant to a warrant for the WDTX charge. One day later, United States Magistrate Judge G. Michael Harvey ordered that Defendant be released, and he was directed to report to the United States District Court for the WDTX within thirty days.

On August 25, 2025, Defendant filed a Notice of Waiver of Venue in the District of Columbia, requesting that his WDTX matter be transferred here pursuant to FCRP 58. (ECF

No. 9). Defendant also filed a notice of intent to plead guilty and waiver of venue in the WDTX. *See United States v. Julio Cesar Sanchez-Puentes*, 25-MJ-789 (ECF No. 19).

On September 12, 2025, counsel for Defendant filed a Motion Regarding Federal Rule of Criminal Procedure 58. (ECF No. 11). In the motion, Defendant requested the Court advise the parties as to whether it would sentence him to jail if he waived venue and pleaded guilty in Washington, D.C. *See generally id.*

On September 25, 2025, the Court held a status conference with the parties. At the conclusion of the hearing, the Court directed the parties to file memorandums explaining their sentencing positions.

## II.  ANALYSIS

Defendant's WDTX matter should be transferred to the District of Columbia, and he should be permitted to plead guilty in this jurisdiction.

First, the charge that Defendant is facing—8 U.S.C. § 1325(a) —carries a penalty of, among other things, six months imprisonment. Thus, it is a class B misdemeanor and a petty offense. *See* 18 U.S.C. § 3559(a)(7); 18 U.S.C. § 19.

Second, FRCP 58 applies to petty offenses for which no sentence of imprisonment will be imposed. *See* Fed R. Crim. P. 58(a). When such circumstances exist, a criminal defendant may waive venue and plead guilty in the district of arrest. *See id.* at (a)(2). Defendant has already stated in writing a desire to follow such a procedure and consent to the Court's disposing of the case. *See* (ECF No. 9). The United States does not need to consent in this context. *See* Fed R. Crim. P. 58(a) Advisory Comm. Notes to 1990 Addition ("In order to maintain a streamlined and less formal procedure which is consistent with the remainder of the Rule, subdivision (c)(2) does not require the formal 'consent' of the United States Attorneys involved before a waiver of venue may be

accomplished.").

Third, a probationary sentence is appropriate here. Defendant's offense is not violent. He has no criminal convictions. And he has already spent several days in custody since being arrested in Washington, D.C., on the WDTX arrest warrant. *See* (ECF No. 11). Defendant will also likely be taken into United States Immigration Customs and Enforcement custody after his plea of guilty, which further weighs against a sentence of imprisonment being imposed. While the United States is unaware of comparable cases in this district, other courts have issued probationary sentences— and even less stringent punishment—under similar circumstances. *See, e.g.*, *United States v. Diaz Aguilera*, 25-MJ-1706 (S.D.N.Y. Aug. 7, 2025) (ECF No. 14) (one-year probation); *United States v. Nunez Estrada*, 25-MJ-233 (E.D.N.Y. Aug. 7, 2025) (ECF No. 12) ($25 fine); *United States v. Armas Gallardo*, 25-MJ-201 (E.D.N.Y. June 27, 2025) (ECF No. 15) (time served).

### III.   CONCLUSION

WHEREFORE, the United States respectfully requests that the Court set this matter for a change of plea hearing pursuant to Rule 58(c)(2).

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:   */s/Joshua Satter*
Joshua Satter
N.Y. Bar No. 5477112
Assistant United States Attorney
United States Attorney's Office for the
District of Columbia
601 D Street NW
Washington, D.C. 20530
(202) 252-6885
Josh.Satter@usdoj.go